**In re SOUTH AFRICAN APARTHEID LITIGATION**

**Frank Brown, et al. v. Amdahl Corp., et al., D. New Jersey, C.A. No. 2:02-3893**

**Lungisile Ntzebesa, et al. v. Citigroup, Inc., et al., S.D. New York, C.A. No. 1:02-4712**

**Nyameka Goniwe, etc. v. IBM Corp., et al., S.D. New York, C.A. No. 1:02-5297**

**No. 1499.**

Judicial Panel on Multidistrict Litigation.

Dec. 16, 2002.

within the coverage period.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions in the Southern District of New York and one action in the District of New Jersey.[1] Plaintiffs in the three actions move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the litigation in the Southern District of New York. Defendants Amdahl Corporation; Citigroup Inc.; Citicorp; Citibank, N.A.; Commerzbank AG; Dresdner Bank AG; Credit Suisse Group; Deutsche Bank AG; General Motors Corp.; IBM Corp.; Mobil Corp.; UBS AG; and Unisys Corporation initially opposed centralization; however, at oral argument, defendant Credit Suisse Group asserted that many, if not all, of these defendants as well as several defendants named in related actions now also support centralization in the Southern District of New York.

■ On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions seek reparations on behalf of present and former residents of South Africa who allegedly were victims of crimes related to apartheid in that country. Centralization under Section 1407 is thus desirable in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ The Southern District of New York stands out as the appropriate transferee forum for this litigation. We note that both moving plaintiffs and numerous defendants now agree upon Section 1407 centralization there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action

---

* Judge Sear took no part in the decision of this matter. All other members of the Panel participated in this decision under the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357–58 (Jud.Pan. Mult.Lit.2001).

1. In addition to the three actions before the Panel, the parties have notified the Panel of seven related federal court actions pending, respectively, in the Northern District of California, the Middle District of Florida, the Eastern District of Michigan, the District of New Jersey, the Eastern District of New York, the Southern District of New York, and the Southern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

pending outside the Southern District of New York is transferred to that district and, with the consent of that court, assigned to the Honorable Richard C. Casey for coordinated or consolidated pretrial proceedings with the actions pending in that district.